**UNITED STATES of America**

v.

**Oliver L. NORTH.**

**Crim. No. 88–0080–02.**

United States District Court, District of Columbia.

Dec. 2, 1988.

ORDER

GESELL, District Judge.

*Re: Defendant's Motion (# 48) to Dismiss on the Ground that the Independent Counsel Had No Lawful Jurisdiction to Investigate or Prosecute the Crimes Charged.*

This motion is another request for dismissal of the entire indictment, but it focuses primarily on Counts 4, 5, 6, 7, 9, 22, and 23. North claims that the Independent

Counsel had no jurisdiction to seek indictment on these charges because they fall outside the area authorized by the Attorney General in his request of the Special Division [1] pursuant to the Ethics in Government Act of 1978, 28 U.S.C. § 592(c)(1) (The Act). Yet the Attorney General sought a broad mandate for the Independent Counsel. The Attorney General conducted an "initial review," and proceeded to propose a vast grant of jurisdiction to the Independent Counsel:

> [T]he independent counsel be granted jurisdiction to investigate whether violations of U.S. federal criminal law were committed by Lieutenant Colonel Oliver L. North, other United States Government officials, or other individuals acting in concert with Lieutenant Colonel North or with other United States Government officials, whether or not covered by the Independent Counsel provisions of the Ethics in Government Act, from in or around January 1985 (the exact date being unknown) [2] to the present, in connection with the sale or shipment of military arms to Iran and the transfer or diversion of funds realized in connection with such sale or shipment.[3] The independent counsel shall have jurisdiction sufficiently broad to investigate and prosecute any and all violations of U.S. federal criminal law which his or her investigation may establish in this matter, and any related matters over which the independent counsel may request or accept jurisdiction pursuant to 28 U.S.C. § 594(e). (*Application of the Attorney General Pursuant to 28 U.S.C. § 592(c)(1) for the Appointment of an Independent Counsel Regarding Iranian Arms Shipments and Diversion of Funds*, No. 86–6, filed December 4, 1986.)

In addition to this clear authorization, the Act does not require the Special Division to adopt verbatim the recommendations of the Attorney General in defining Independent Counsel's jurisdiction. Moreover, the Supreme Court in *Morrison v. Olson,* —— U.S. ——, 108 S.Ct. 2597, 101 L.Ed.2d 569 stated that the Division was given the leeway to grant the Independent Counsel jurisdiction that was demonstrably related to that proposed by the Attorney General.[4] In this case, the Division merely clarified the scope of the Independent Counsel's area of inquiry to assure adequate development of all aspects of the suspected misconduct. That this was wholly acceptable to the Attorney General is obvious from his own regulations creating—in the same language as used previously by the Special Division—an official Justice Department role for Independent Counsel, thereby solidifying the Independent Counsel's authority to inquire into the precise area defined by the Division. 28 C.F.R. § 601. North's line of argument thus lacks merit.

Even more fundamentally, North objects not only to the supposedly expanded jurisdiction of the Independent Counsel, but he also says that the Special Division violates Article II of the Constitution. This contention lacks merit, as the Court in *Morrison v. Olson* stated conclusively that Independent Counsel are inferior officers, and thus, may be appointed by Courts. 108 S.Ct. at 2608. To this, North responds that the Special Division is not a Court. In view of *Morrison,* his argument is unavailable. *Morrison* assumed the Division was within

---

1. Officially and cumbersomely entitled the Division for the Purpose of Appointing Independent Counsel of the United States Court of Appeals for the District of Columbia Circuit.

2. North complains that the Special Division reached back into 1984. Clearly, the confessed ambiguity in the Attorney General's mind about when possible violations of law began gave the Special Division the latitude to include events occurring during 1984. Moreover, the Independent Counsel alleges that the conspiracy began in 1985, within the Attorney General's time frame.

3. North also complains that funding the contras and Nicaragua were not specifically mentioned. However, the Attorney General's proposed jurisdiction is, if anything, broader than that adopted by the Independent Counsel. Clearly, when the Attorney General framed his application, funds diverted from the arms sales were thought to be going to the Nicaraguan resistance. Thus, efforts on their behalf were a legitimate focus, as well as were any other unlawful diversion of proceeds from the arms sales.

4. —— U.S. ——, 108 S.Ct. 2597 at 2613, 101 L.Ed.2d 569 (1988).

the Judicial Branch, and found no problem with interbranch appointments. *Id.*, at 2609–2611.

The suggestion of unconstitutionality of the Act as so applied is rejected.

SO ORDERED.