2005-NMCA-130

123 P.3d 784

**STATE of New Mexico,
Plaintiff–Appellee,**

v.

**Robert WILSON, Defendant–Appellant.**

**No. 25,017.**

Court of Appeals of New Mexico.

Sept. 21, 2005.

Certiorari Granted, No. 29,484,
Nov. 14, 2005.

552

Patricia A. Madrid, Attorney General, Santa Fe, NM, Joel Jacobsen, Assistant Attorney General, Albuquerque, NM, for Appellee.

John Bigelow, Chief Public Defender, Santa Fe, NM, Linda Yen, Assistant Appellate Defender, Albuquerque, NM, for Appellant.

## OPINION

CASTILLO, Judge.

{1} In the metropolitan court, Defendant Robert Wilson was convicted of criminal trespass and harassment; neither crime is listed in the Crimes Against Household Members Act, NMSA 1978, §§ 30–3–10 to –16 (1995, as amended through 2001). Accordingly, convictions for criminal trespass and harassment do not require proof that the victim was a household member. But the status of the victim as a household member becomes relevant when Defendant appeals. If the victim of these two crimes is a household member, the incident is considered domestic abuse under the Family Violence Protection Act, NMSA 1978, §§ 40–13–1 to –8 (1987, as amended through 2002), and Defendant's appeal is limited to review of the record. NMSA 1978, § 34–8A–6(C) (1993); Rule 7–706 NMRA. If the victim is not a household member, the incident is not considered domestic abuse, and Defendant has the right to a trial de novo in the district court. Section 34–8A–6(D). Because Defendant considered his convictions as not involving domestic abuse, he moved for a trial de novo in district court. The motion was denied, based on the district court's conclusion that the victim was a household member and that the conviction therefore did involve domestic violence. Defendant's convictions were affirmed after an on-record appeal. It is the metropolitan court (metro court), not the district court, that must make a finding that the victim is a household member. Based on our determination that there is no finding in the judgment that indicates the crimes were perpetrated by one household member on another, we reverse the district court and remand for a de novo trial on the two convictions.

## I. BACKGROUND

{2} Based on events that occurred with the victim on June 20, 2003, Defendant was charged with criminal trespass, telephone harassment, and harassment, contrary to NMSA 1978, § 30–14–1 (1995); NMSA 1978, § 30–20–12 (1967); and NMSA 1978, § 30–3A–2 (1997). Under the Family Violence Protection Act, these three crimes are considered domestic abuse if they are the result of an incident by one household member against another. Section 40–13–2(C). Metro court is a court of record for criminal actions within its jurisdiction that involve domestic violence; acts of domestic abuse under the Family Violence Protection Act are considered domestic violence. *State ex rel. Schwartz v. Sanchez*, 1997–NMSC–021, ¶¶ 6–7, 123 N.M. 165, 936 P.2d 334. Hence, the docketing number assigned to this case is preceded by "DV," indicating that this is a

domestic violence case and that the trial must be on record.

{3} Defendant waived his right to a jury trial. During trial, metro court dismissed the telephone harassment charge by directed verdict and, after hearing all of the evidence, convicted Defendant of harassment and criminal trespass. Although the routing slips describe the charges and convictions as crimes against a household member, the actual judgment entered by metro court does not designate the status of Defendant or the victim. It states that Defendant was found guilty of harassment and criminal trespass with no indication that the crimes were committed against a household member.

{4} Defendant appealed his two convictions to district court and requested a trial de novo. The district court denied Defendant's motion for a trial de novo and, after an on-record review, upheld the convictions. This appeal followed.

## II. DISCUSSION

{5} We first consider Defendant's argument that he is entitled to a de novo trial. Then we address the State's contention that we need not hear this case because it is moot.

### A. Right to a Trial de Novo

{6} Whether or not a defendant is entitled to an appeal de novo in district court is a question of law, which we review de novo. *State v. Krause*, 1998–NMCA–013, ¶ 3, 124 N.M. 415, 951 P.2d 1076. The conviction, rather than the charge, controls the type of appeal to which a defendant is entitled. *Id.* ¶ 8. The New Mexico Constitution entitles a defendant to a trial de novo in district court, unless provided otherwise by statute. N.M. Const. art. VI, § 27. There are two statutory exceptions: DWI and domestic violence trials are recorded in metro court, and the district court reviews the records of these convictions, instead of conducting a new trial. Section 34–8A–6(C); Rule 7–706. Offenses listed in the Family Violence Protection Act, Section 40–13–2(C), when perpetrated by one household member against another, are considered domestic violence offenses. *See Schwartz*, 1997–NMSC–021, ¶¶ 6–7, 123 N.M. 165, 936 P.2d 334. A " 'household member' "

is a "person with whom the [other party] has had a continuing personal relationship." Section 40–13–2(D). If Defendant and the victim had a "continuing personal relationship," they would be considered household members, and Defendant's convictions would be considered domestic violence actions. Defendant contends that the district court erred in its review of the evidence because metro court determined that his victim was not a household member and Defendant's convictions were therefore not domestic violence actions. Thus, Defendant also contends that he is entitled to a trial de novo, as provided in Section 34–8A–6(D).

{7} The State disagrees with Defendant's analysis and argues that metro court's determination regarding the status of the victim was done in the context of the denial of the State's motion to amend the complaint and not in the context of a finding for purposes of a judgment. The State relies on the district court's determination as a matter of law that the "boyfriend and girlfriend" relationship between Defendant and the victim constituted a personal relationship, as defined by the Family Violence Protection Act; that such determination should be given deference on appeal; and that metro court's erroneous legal conclusion is not binding on the district court, as a superior court. The State further contends that the district court's interpretation of the statute is correct and that public policy strongly supports a broad reading of "continuing personal relationship." Section 40–13–2(D).

{8} The State's position is similar to the position we rejected in *State v. Trujillo*, 1999–NMCA–003, ¶ 15, 126 N.M. 603, 973 P.2d 855. In *Trujillo*, the defendant was charged with and convicted of simple battery. *Id.* ¶ 13. This Court was asked to construe the conviction as battery against a household member because the record indicated that the victim was the defendant's sister-in-law. *Id.* ¶¶ 3, 6. In denying that request, we explained that an appellate court has "no power to find a missing element of a criminal offense, no matter how compelling the evidence [is]." *Id.* ¶ 15. Here, we recognize that the status of Defendant and the victim is not an element of the crimes for which Defendant

was convicted. However, the parties' status as household members is a necessary element in proving that the crimes are domestic violence under the Family Violence Protection Act. As such, we do not look to the district court's legal analysis of the evidence at trial, but rather to the judgment entered by metro court.

{9} As we have indicated, metro court made no indication on the judgment that Defendant's convictions involved domestic abuse. The judgment is silent regarding the status of Defendant and the victim as household members. There is no finding regarding the relationship between Defendant and the victim. This supports the conclusion that metro court did not consider Defendant's actions domestic abuse. Absent a finding on this critical issue, Defendant's convictions cannot be considered domestic violence, and he is entitled to a trial de novo on his two convictions.

{10} While we need go no further in this analysis, we will review metro court's comments during entry of the convictions because these comments mirror the judgment. After closing arguments, metro court addressed Defendant and explained the evidence on which the court found Defendant guilty of criminal trespass and harassment. Metro court found that all of the elements of criminal trespass and harassment were proven beyond a reasonable doubt. Metro court made no mention of the relationship between Defendant and the victim; nor did the State ask for a finding on that issue. The burden is on the State to prove its case. The State's contention was that Defendant's crimes were domestic violence; yet, the State failed to have any finding made on the status of Defendant and the victim. Metro court's failure to address the relationship between the parties bolsters the conclusion that the court did not consider Defendant's actions domestic violence.

{11} As we have noted above, we need not look further than the judgment in this case. Both parties, however, direct us to the comments made by metro court during trial. We look to the record in order to address the parties' arguments, and in doing so, we find additional support for the absence of a finding of domestic violence.

{12} During trial, the State objected on relevance grounds when Defendant questioned the victim about the type of relationship she had with Defendant. In overruling the objection, metro court stated, "I see the relevance; it comes into whether or not it's a domestic violence issue and whether or not it[ ]—the relationship between the two—is probative. I'll allow that." This clearly indicates metro court was aware that the issue of domestic violence was before the court.

{13} Before the close of its case, the State requested that the criminal complaint be amended to add a charge of battery against a household member, "based upon the facts alleged in the complaint and testimony that was elicited from [the victim]." In denying the motion to amend, metro court said,

I would not be able to allow that—battery on a household member. In fact, opposing counsel was trying very strenuously to establish some form of domestic relationship, which she [the victim] denied occurred. For the State to stand up and bootstrap that in there—I have not seen the ability to amend it, based on that.

Defendant urges us to consider this as a finding that the victim was not a household member. The State argues that this language cannot be used as a finding because the statement was made in the context of denying a motion to amend the complaint. We agree that this language cannot be used as a finding. It can be used, however, to explain the absence of a finding that the crimes were committed against a household member. Again, it was the State's burden to prove that the victim was a household member. The State failed to do so. Because Defendant was not convicted of a domestic violence offense, he is entitled to de novo appeal. *See Krause*, 1998–NMCA–013, ¶ 10, 124 N.M. 415, 951 P.2d 1076.

**B. Mootness**

{14} Normally, we address a mootness issue first. In this case, however, we address this issue last because the analysis above provides a background for our conclusion. Pointing to *State v. Sergio B.*, 2002–

NMCA–070, ¶¶ 9–10, 132 N.M. 375, 48 P.3d 764, the State contends that Defendant's appeal is moot because he has completed serving his full sentence and cannot prove the existence of collateral consequences. We agree that this appeal is moot. Generally, we do not hear moot issues. *Gunaji v. Macias,* 2001–NMSC–028, ¶ 9, 130 N.M. 734, 31 P.3d 1008. An appeal is moot when there is no actual controversy and when no actual relief can be granted to the appellant. *Sergio B.,* 2002–NMCA–070, ¶ 9, 132 N.M. 375, 48 P.3d 764. Defendant argues that this case is capable of repetition yet may evade review if we do not hear the appeal and therefore may be addressed, even if moot. *Id.* ¶ 10. We agree with Defendant.

{15} In this case, we discuss the two types of appeal from metro court convictions: de novo and on record. As we have explained above, unless a defendant is convicted of DWI or domestic violence in metro court, he is entitled to de novo appeal. *See Krause,* 1998–NMCA–013, ¶ 10, 124 N.M. 415, 951 P.2d 1076. However, upon being charged with DWI or domestic violence, a defendant is presumptively on track for on-record, rather than de novo, appeal. *Id.* ¶ 4–5. Thus, when a defendant is acquitted of all DWI and domestic violence charges brought against him but has remaining charges he wishes to appeal, he must file a motion to transfer the case to the de novo calendar. If the motion is erroneously denied, as it was here, the defendant must wait through the district court review process and the appeal certification process before his claim reaches this Court. In the case that the conviction is for a misdemeanor offense, punishable by a maximum term of 364 days, as it was here, the defendant will likely have served his entire sentence by the time he is heard in this Court. Thus, by the time the defendant's right to a trial de novo is heard on appeal, his case could be moot. If we allowed this, those defendants charged with DWI or domestic violence but who contend they are entitled to appeal by a de novo trial will be exposed to the danger of losing the right to a trial de novo, without appellate relief. Based on the foregoing, we conclude that Defendant's case is capable of repetition yet evades review.

Accordingly, we agree with Defendant and have decided his appeal.

## III. CONCLUSION

{16} The denial of Defendant's motion to transfer to the de novo calendar is reversed. We remand to the district court to conduct a trial de novo.

{17} **IT IS SO ORDERED.**

WE CONCUR: A. JOSEPH ALARID and IRA ROBINSON, Judges.