2006-NMSC-037

141 P.3d 1272

**STATE of New Mexico, Plaintiff–Petitioner,**

v.

**Robert WILSON, Defendant–Respondent.**

**No. 29,484.**

Supreme Court of New Mexico.

Aug. 8, 2006.

As Revised Sept. 5, 2006.

Patricia A. Madrid, Attorney General, Joel Jacobsen, Assistant Attorney General, Santa Fe, NM, for Petitioner.

John Bigelow, Chief Public Defender, Linda Yen, Assistant Appellate Defender, Santa Fe, NM, for Respondent.

## OPINION

MINZNER, Justice.

{1} We are called on in this appeal to determine the proper procedure to be followed by a district court reviewing a conviction from Metropolitan Court, which may involve domestic abuse under the Family Violence Protection Act ("FVPA"), NMSA 1978, Sections 40–13–1 through 40–13–10 (1987 as amended through 2005). While a district court generally holds a de novo trial in cases originating in the Metropolitan Court, cases involving domestic violence are heard on-record. NMSA 1978, § 34–8A–6(C) (1993). We note that Section 40–13–7(E) requires the Metropolitan Court to include in the judgment and sentence an indication when a conviction results from the commission of domestic abuse.[1] We therefore conclude that a judgment and sentence issued by the Metropolitan Court which does not include such a statement reflects the Court's determination that the case did not involve domestic violence. This conclusion is subject to review by the district court. Reviewing de novo, we conclude that the undisputed

---

1. Section 34–8A–6(C) discusses the proper procedure for cases "involving domestic violence," while the Family Violence Protection Act defines "domestic abuse." Although the language in these two statutes is not identical, the same definition is employed to identify both domestic violence and domestic abuse. *See State ex rel. Schwartz v. Sanchez*, 1997–NMSC–021, ¶ 7, 123 N.M. 165, 936 P.2d 334. In the interest of clarity we refer primarily to domestic violence in this opinion.

facts in this case do not support the conclusion that the convictions from which Defendant, Robert Wilson, has appealed involved domestic violence. We therefore remand to the district court for a trial de novo.

## I. BACKGROUND

{2} Defendant was convicted following a bench trial before the Bernalillo County Metropolitan Court of criminal trespass, contrary to NMSA 1978, § 30–14–1 (1995), and harassment, contrary to NMSA 1978, § 30–3A–2 (1997). The case was originally assigned a "DV" docketing number, for domestic violence, and the trial before the Metropolitan Court judge was conducted on-record. The victim testified that she had known Defendant for a little over a week but repeatedly stated that she and Defendant were not boyfriend and girlfriend. The Metropolitan Court's judgment does not indicate whether Defendant's crimes involved domestic violence.

{3} Defendant appealed his two convictions to district court and requested a trial de novo. After reviewing the victim's testimony before the Metropolitan Court regarding her relationship with Defendant, the district court concluded that victim and Defendant were involved in a continuing personal relationship, that victim was therefore a "household member" within the meaning of the FVPA, and denied the motion for a de novo hearing. The district court then affirmed Defendant's convictions following an on-record review. Defendant appealed, claiming that he was entitled to a de novo trial, and that the district court erred both in reviewing the record to determine whether Defendant and victim were involved in a continuing personal relationship and in denying him a trial de novo.

{4} The Court of Appeals reversed, holding that "the parties' status as household members is a necessary element in proving that the crimes are domestic violence under the Family Violence Protection Act," *State v. Wilson*, 2005–NMCA–130, ¶ 8, 138 N.M. 551, 123 P.3d 784, and looked to the Metropolitan Court judgment, rather than the district court's legal analysis, to determine whether Defendant was entitled to a trial de novo. *Id.* ¶ 13. Because the judgment stated that Defendant was convicted of harassment and trespass and did not indicate that victim was a household member, or that the convictions involved domestic violence, the Court of Appeals concluded that the conviction did not fall within the FVPA and that Defendant was therefore entitled to a trial de novo. The State petitioned this Court for certiorari to address the proper procedure to be followed by a district court when a Metropolitan Court judgment and sentence does not indicate whether a victim is a household member.

{5} We conclude that a judgment and sentence issued by the Metropolitan Court reflects, implicitly or explicitly, whether the conviction involved domestic violence. This legal conclusion is subject to review by the district court. Reviewing that determination de novo, we conclude that the undisputed facts in this case do not support the conclusion that Defendant's convictions involved domestic violence and therefore remand to the district court for a trial de novo.

## II. DISCUSSION

{6} The proper procedure to be followed by a district court when reviewing a Metropolitan Court's conviction is a question of statutory interpretation which we review de novo. *See State v. Rowell*, 121 N.M. 111, 114, 908 P.2d 1379, 1382 (1995). When interpreting a statute, our primary goal is to give effect to the Legislature's intent. *State v. Smith*, 2004–NMSC–032, ¶ 8, 136 N.M. 372, 98 P.3d 1022.

{7} Our Constitution grants district courts "appellate jurisdiction of all cases originating in inferior courts." N.M. CONST. art. VI, § 13. These trials "shall be had de novo unless otherwise provided by law." N.M. CONST. art. VI, § 27; *see also State v. Heinsen*, 2004–NMCA–110, ¶ 11, 136 N.M. 295, 97 P.3d 627, *aff'd* 2005–NMSC–035, 138 N.M. 441, 121 P.3d 1040. We conclude that the Legislature has "otherwise provided" because the FVPA and Section 34–8A–6(C) cre-

ate an exception to the general rule mandating de novo hearings. Section 34–8A–6(C) defines which cases are heard on-record by the Metropolitan Court.

> The metropolitan court is a court of record for criminal actions involving ... domestic violence. A criminal action involving domestic violence means an assault or battery under any state law or municipal or county ordinance in which the alleged victim is a household member as defined in the Family Violence Protection Act.

*Id.*

■ {8} The FVPA in turn defines domestic abuse as "any incident by a household member against another household member resulting in" among other things, criminal trespass or harassment. Section 40–13–2(C).

> "[H]ousehold member" means a spouse, former spouse, family member, including a relative, parent, present or former stepparent, present or former in-law, child or co-parent of a child, or a person with whom the petitioner has had a continuing personal relationship. Cohabitation is not necessary to be deemed a household member for purposes of this section.

Section 40–13–2(D). We have previously recognized that Section 34–8A–6(C) "must be read in pari materia with the definition of domestic abuse in the Family Violence Protection Act," and it follows that "all domestic abuse actions, as defined in the Family Violence Protection Act, should be tried on-record." *State ex rel. Schwartz v. Sanchez,* 1997–NMSC–021, ¶ 7, 123 N.M. 165, 936 P.2d 334.

■ {9} This case presents a question less clearly addressed by either statute; how should a district court go about determining whether a particular case is one "involving domestic violence" under the FVPA? The starting point for this inquiry must be the Metropolitan Court's judgment and sentence because this document must include a statement if the case involves domestic violence. Section 40–13–7(E) ("A statement shall be included in a judgment and sentence docu-

ment to indicate when a conviction results from the commission of domestic abuse."); *see also State v. Krause,* 1998–NMCA–013, ¶ 8, 124 N.M. 415, 951 P.2d 1076 ("In determining what kind of appeal a defendant is entitled to, we must view the conviction, not the charging document."). Where the judgment does not include such a statement, the Metropolitan Court has implicitly concluded that the conviction was not based on the commission of domestic abuse.

■ {10} This ruling by the Metropolitan Court, whether explicit or implied, is subject to review by the district court. Rules 7–706, 7–707 NMRA 2006. The Metropolitan Court's determination that a case does or does not involve domestic violence is based on its view of the facts presented and interpretation of the FVPA. The district court should therefore review the Metropolitan Court's factual conclusions with some deference, considering whether they are supported by substantial evidence in the record. *State v. Attaway,* 117 N.M. 141, 144, 870 P.2d 103, 106 (1994). The Metropolitan Court's application of law to these facts, however, is properly reviewed de novo. *Id.* at 145, 870 P.2d at 107.

{11} On-record Metropolitan Court proceedings are an exception to the general rule that defendants are entitled to a de novo trial in district court, *see* Section 34–8A–6(D) ("The metropolitan court is not a court of record for criminal actions other than driving while under the influence of intoxicating liquors or drugs or domestic violence actions."). Thus, the party seeking to establish that a conviction is a domestic violence action will have the burden of showing that a defendant is not entitled to a de novo trial. We anticipate that the State will generally bear the burden of proof, but recognize that this may not be the case in all situations. In many cases, including this one, proof that the victim was a "household member" is not an element of the crime charged. *See* § 30–14–1 (criminal trespass); § 30–3A–2 (harassment). Therefore, this fact need not be proven "beyond a reasonable doubt," but

may be established by a preponderance of the evidence. *Cf. United States v. North,* 716 F.Supp. 644, 648 and n. 3 (D.D.C.1989) (collecting cases holding that the government has the burden to establish proper venue by a preponderance of the evidence); *State v. Chapman,* 101 N.M. 478, 479, 684 P.2d 1143, 1144 (1984) (holding that the competency of the accused to stand trial must be established by a preponderance of the evidence, and not beyond a reasonable doubt); *State v. Gonzales,* 2001–NMCA–025, ¶ 37, 130 N.M. 341, 24 P.3d 776 (concluding that findings relating to child's amenability to treatment as a juvenile need not be proven beyond a reasonable doubt). Furthermore, because the character of the victim's relationship need not be proven as an element of the crime, either party may appeal the Metropolitan Court's conclusion to the district court.

{12} Forced to make a decision without explicit guidance regarding the procedure it should follow, the district court closely approximated the procedure we have outlined in this opinion. The Court reviewed the record from the Metropolitan Court's hearing, noted the facts established by the victim's testimony and determined, primarily as a matter of law, that the uncontroverted facts established that Defendant and victim were involved in a continuing personal relationship. While we conclude that the district court adopted an acceptable procedure for determining whether a case should be characterized as involving domestic abuse, we have a different view of the relevant law.

{13} Reviewing the definition of "household member," in the FVPA, we note that all of the relationships described, "spouse, former spouse, family member, including a relative, parent, present or former stepparent, present or former in-law, child or co-parent of a child" involve some present or former connection, by blood or by marriage. These relationships involve a connection often thought of as enduring over years. We believe that the Legislature's reference to a "continuing personal relationship" in this context was intended to encompass similarly enduring relationships between persons who are not related, co-habiting or jointly raising a child. We are not persuaded that the term "household member" was intended to reach every romantic relationship, however brief. We do not at this time attempt to define with precision the outer boundaries of the "continuing personal relationship," but conclude that the relationship described by the victim in this case does not lie within those bounds.

{14} The basic facts presented to the Metropolitan Court do not appear to be in dispute. The victim testified that she had known Defendant for a little over a week, and that they had "formed a sort of relationship" in that period. The victim stated repeatedly that she and Defendant were not boyfriend and girlfriend, but that they had kissed. We conclude that two factors, the very brief time that Defendant and victim knew each other, and the victim's equivocal description of their relationship, show that this was not a "continuing personal relationship" of the type described by the FVPA.

{15} We do not with this opinion minimize the seriousness of criminal harassment or trespass in cases where the victim is not a household member. The Legislature has recognized the seriousness of this activity by making this activity criminal. Nonetheless, we believe that the Legislature recognized that violence in the context of genuinely long-term relationships was particularly serious, and that victims of violence in this context were in need of greater protection than victims of other crimes. *See* § 40–13–1.1 ("The legislature finds that domestic abuse incidents are complex and require special training on the part of law enforcement officers to respond appropriately to domestic abuse incidents."). The FVPA is intended to address the unique needs of this group of victims.

## III. CONCLUSION

{16} Because the victim in this case was not in a continuing personal relationship with Defendant, we conclude that she was not a "household member" under the FVPA. Defendant was therefore not convicted of domestic abuse, and he was entitled to a trial de novo before the district court.

{17} **IT IS SO ORDERED.**

WE CONCUR: RICHARD C. BOSSON, Chief Justice, PATRICIO M. SERNA, PETRA JIMENEZ MAES, and EDWARD L. CHÁVEZ, Justices.