This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v. **NO. 29,593**

**BRYAN NANNEY,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SIERRA COUNTY**
**Kevin Sweazea, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Nancy M. Hewitt, Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**WECHSLER, Judge.**

Defendant-Appellant Bryan Nanney seeks to appeal his sentence, contending that the specified maximum is in error. [DS 4] We issued a notice of proposed summary disposition proposing to dismiss on grounds that the appeal is moot, insofar as Defendant has completed serving his full sentence and cannot prove the existence of collateral consequences. Defendant has filed a memorandum in opposition, which we have duly considered. Because we remain unpersuaded, we dismiss the appeal.

As we observed in the notice of proposed summary disposition, "appellate courts should not decide moot cases." *State v. Sergio B.*, 2002-NMCA-070, ¶ 9, 132 N.M. 375, 48 P.3d 764 "An appeal is moot when no actual controversy exists, and an appellate ruling will not grant the appellant any actual relief." *Id.*

Insofar as the district court imposed a sentence of "time served," [RP 249] there is no provision for continuing probation, and there is no indication of other collateral consequence, we fail to see how any actual controversy could be said to exist or how an appellate ruling could grant Defendant any actual relief. *See, e.g.*, *State v. Wilson*, 2005-NMCA-130, ¶ 14, 138 N.M. 551, 123 P.3d 784 (agreeing that an appeal was moot where the defendant had completed serving his full sentence and could not prove the existence of collateral consequences), *aff'd*, 2006-NMSC-037, 140 N.M. 218, 141

2

P.3d 1272; *see generally State v. Julia S.*, 104 N.M. 222, 224, 719 P.2d 449, 451 (Ct. App. 1986) (observing that normally, a case is rendered moot when the sentence has been served).

In his memorandum in opposition, Defendant argues that the appeal should not be dismissed because he specifically reserved the right to appeal and is therefore entitled to pursue the matter. [MIO 1] However, the right to appeal is circumscribed by a variety of considerations and requirements, and we are aware of no authority for the proposition that a party may compel an appellate tribunal to consider the merit of a moot appeal. *See generally In re Adoption of Doe*, 100 N.M. 764, 765, 676 P.2d 1329, 1330 (1984) (providing that where a party cites no authority to support an argument, we may assume no such authority exists). As a result, we are unpersuaded.

Defendant also suggests that the case should not be deemed moot, insofar as a favorable ruling on appeal could form the basis of a motion to withdraw his plea. [MIO 2] However, in order to obtain such relief, it would be incumbent upon Defendant to demonstrate that his plea was not knowingly or voluntarily given. *State v. Hunter*, 2006-NMSC-043, ¶ 11, 140 N.M. 406, 143 P.3d 168; *cf. State v. Lozano*, 1996-NMCA-075, ¶ 18, 122 N.M. 120, 921 P.2d 316 (noting that the defendant should not be allowed to withdraw his guilty plea unless he lacked information

3

relevant to the decision-making process). Moreover, "a defendant generally may not withdraw a guilty plea as a matter of right after sentencing unless the defendant proves that the withdrawal is necessary to correct a manifest injustice." *State v. Barnett*, 1998-NMCA-105, ¶ 26, 125 N.M. 739, 965 P.2d 323. Insofar as Defendant had already served the maximum potential sentence at the time that the plea was taken, and insofar as this fact was clearly discussed in the course of the plea proceeding, [RP 248] such that all of the parties involved were on notice that the issue was moot, we fail to see how Defendant could be said to have lacked relevant information or how the claimed error could possibly constitute manifest injustice. As a result, we find Defendant's argument to be unpersuasive.

Accordingly, for the reasons stated, the appeal is dismissed.

**IT IS SO ORDERED.**

_____
**JAMES J. WECHSLER, Judge**

**WE CONCUR:**

_____
**CELIA FOY CASTILLO, Judge**

4

_____

**LINDA M. VANZI, Judge**