This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO**,

Plaintiff-Appellee,

v.                                                                     **No.    31,340**

**JOSEPH DAVID BACA,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**James T. Martin, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

Jacqueline R. Medina, Assistant Attorney General
Albuquerque, NM

for Appellee

Bennett J. Baur, Acting Chief Public Defender
Karl Erich Martell, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**BUSTAMANTE, Judge.**

Defendant appeals from the district court's May 13, 2011, order revoking his probation and sentencing him to a term of imprisonment and a new five-year term of probation. He contends that the district court improperly denied him credit for time he spent on probation before his probation was revoked. Defendant filed his notice of appeal on May 24, 2011, but on September 13, 2011, he admitted to violating certain conditions of his probation. On October 5, 2011, the district court revoked Defendant's probation a second time and sentenced him to serve the remainder of his formerly suspended sentence incarcerated. The sentence imposed did not include a term of probation, and Defendant finished serving his sentence on September 10, 2012. We dismiss this appeal as moot.

**BACKGROUND**

On June 15, 2007, Defendant pled guilty to aggravated driving while intoxicated (fourth offense), resisting, evading or obstructing an officer, possession of drug paraphernalia, and driving while license suspended or revoked. *See* NMSA 1978, § 66-8-102(D)(3) (2010); NMSA 1978, § 30-22-1(B) (1981); NMSA 1978, § 30-31-25.1(A) (2001); NMSA 1978, § 66-5-39 (1993). Pursuant to a second amended judgment and sentence, the district court sentenced Defendant to two years, five months, and twenty-nine days to be followed by a one-year period of parole. All but

ten months of Defendant's sentence was suspended, which amounts to one year, seven months, and twenty-nine days, and the district court ordered Defendant to be placed on five years of supervised probation once released from incarceration with the probationary period running concurrent with Defendant's one-year period of parole. Defendant's probation began on September 16, 2008, and was to expire on September 15, 2013.

On July 13, 2010, the State filed a petition to revoke Defendant's probation, with an amended petition to revoke probation filed on January 18, 2011. On February 10, 2011, the district court held a hearing, and Defendant admitted to violating the conditions of probation as alleged in the amended petition. On May 13, 2011, the district court entered an order revoking Defendant's probation and again sentencing Defendant to two years and one hundred and eighty-one days followed by a one-year period of parole. Defendant was ordered to serve one year and one hundred sixteen days in the Doña Ana Detention Center, and one year and sixty-five days were suspended. He was again placed on five years of supervised probation.

Defendant received credit for the time he was incarcerated but no credit for the time served on probation. Defendant requested credit for the period of time he had served on probation, but the district court refused.

Defendant filed a notice of appeal on May 24, 2011. On July 9, 2011, Defendant was arrested again for violating his probation, and a petition to revoke his probation was filed on July 29, 2011. At a hearing on September 13, 2011, Defendant admitted to violating his probation, and an order revoking his probation was entered on October 5, 2011. The district court again sentenced Defendant to an aggregate sentence of two years and one hundred eighty-one days, followed by one year of parole. He was awarded one year and one hundred ninety-seven days of confinement credit. He was not awarded probation credit, but no probation was ordered. Defendant's release date was September 10, 2012. Defendant has now served his sentence in its entirety.

After additional briefing by the parties, including responses to an order to show cause issued by this Court on December 12, 2011, this case was assigned to the general calendar on May 15, 2012. In the general calendar assignment, the parties were directed to address the issue of whether Defendant's appeal is moot.

**DISCUSSION**

To properly analyze whether Defendant's appeal is moot, we need to first briefly discuss the law applicable to the merits of Defendant's appeal. Defendant pled guilty to crimes committed in 2006. Therefore, in determining whether Defendant received the proper amount of credit after his probation was revoked, we look to the

4

law in effect in 2006. *See State v. Ordunez*, 2012-NMSC-024, ¶¶ 16-20, 283 P.3d 282 (concluding that the statutory provisions applicable at the time the defendant commits the offense apply, not the statute in effect at the time the defendant violates his probation).

From 2005 until 2010, NMSA 1978, Section 66-8-102(S) (2008) (amended 2010), provided in pertinent part:

> [N]otwithstanding any provision of law to the contrary, if [a DWI] offender's sentence was suspended or deferred in whole or in part and the offender violates any condition of probation, the court may impose any sentence that the court could have originally imposed and **credit shall not be given for time served by the offender on probation.**

(Emphasis added.)

In 2010, Section 66-8-102 was amended and the language previously set forth in Section 66-8-102(S) was recompiled without any alteration as Section 66-8-102(T). The district court relied on Section 66-8-102(T) in denying Defendant credit for time served on probation.

In light of the fact that the district court relied on the correct language even though it cited to the wrong portion of the statute, its erroneous citation is a harmless error. *See State v. Barr*, 2009-NMSC-024, ¶ 48, 146 N.M. 301, 210 P.3d 198 (recognizing that a lower court should be affirmed notwithstanding a technical error

that does not impact the rights of either party), *overruled on other grounds by State v. Tollardo*, 2012-NMSC-008, ¶ 37, 275 P.3d 110.

After initially protesting the applicability of Section 66-8-102(S), Defendant concedes in his reply brief that the language set forth above is applicable to his convictions. *See* § 66-8-102(S). Thus, we consider whether the district court's decision to impose a new five-year term of probation was authorized by Section 66-8-102(S) as it existed in 2006 when Defendant committed the crimes.

Defendant contends that the district court erred in refusing to credit him with the time he spent on probation based in part upon the language of NMSA 1978, Section 31-20-5(A) (2003), which provides in pertinent part that if a district court defers or suspends a sentence and places the defendant on probation, "the total period of probation . . . shall not exceed five years." Defendant contends that Section 66-8-102(S) must be interpreted in light of the limitations set forth in Section 31-20-5(A), and therefore it cannot authorize the district court to continuously order more probation so that the total probationary period exceeds five years.

Defendant argues that, instead, Section 66-8-102(S) should be interpreted as allowing the district court to require an unsuccessful DWI probationer to serve his or her entire sentence incarcerated without allowing any credit for the time previously served on probation. The State disagrees and contends that Defendant's sentence was

not illegal because the five-year cap contained in Section 31-20-5(A) does not apply to post-revocation terms of probation imposed pursuant to Section 66-8-102(S).

**Mootness**

Before making a determination as to the meaning or applicability of Section 66-8-102(S), we consider the State's contention that Defendant's appeal must be dismissed because it is moot. We agree with the State.

In general, this Court will not decide a moot appeal. *See State v. Sergio B.*, 2002-NMCA-070, ¶ 9, 132 N.M. 375, 48 P.3d 764. "An appeal is moot when no actual controversy exists, and an appellate ruling will not grant the appellant any actual relief." *Id.*

In this case, no actual controversy exists because Defendant's probation was revoked for a second time, and Defendant was ordered to serve the remainder of his sentence while incarcerated without any time to be served on probation. Therefore, any ruling that the district court's earlier order improperly failed to credit Defendant with time served on probation would not grant Defendant any relief. *See id.* Furthermore, in light of the district court's decision to incarcerate Defendant while he completed his sentence, Defendant has failed to allege, much less make any showing, that potentially adverse collateral consequences could arise from allowing the district court's earlier ruling to stand. *See State v. Wilson*, 2005-NMCA-130, ¶ 14, 138 N.M.

551, 123 P.3d 784 (agreeing that the appeal was moot because the defendant had served his full sentence and could not prove the existence of collateral consequences), *aff'd*, 2006-NMSC-037, 140 N.M. 218, 141 P.3d 1272; *cf. Sergio B.*, 2002-NMCA-070, ¶ 10 (recognizing that an appellate court will review a criminal conviction even after the defendant has completed his term of incarceration "because of the continuing collateral consequences of a conviction").

As Defendant has no probation to serve, no actual controversy exists, and there is no ruling from this Court that will grant Defendant any actual relief. Accordingly, we agree with the State that this appeal is moot. *See Sergio B.*, 2002-NMCA-070, ¶¶ 9-10; *see also Ordunez*, 2012-NMSC-024, ¶ 22 (recognizing that an appellate court will not "decide abstract, hypothetical or moot questions in cases wherein no actual relief can be afforded" (internal quotation marks and citation omitted)).

Finally, we recognize that, notwithstanding the "general rule [that] appellate courts should not decide moot cases[,]" *Sergio B.*, 2002-NMCA-070, ¶ 9, we "may review moot cases that present issues of substantial public interest or which are capable of repetition yet evade review." *Gunaji v. Macias*, 2001-NMSC-028, ¶ 10, 130 N.M. 734, 31 P.3d 1008. However, Defendant has not suggested that his appeal presents an issue of substantial public interest. *Cf. Republican Party of N.M. v. N.M. Taxation & Revenue Dep't*, 2012-NMSC-026, ¶ 10, 283 P.3d 853 (stating that "[a]

8

case presents an issue of substantial public interest if it involves a constitutional question or affects a fundamental right such as voting").

To the contrary, after recognizing that his appeal is moot, Defendant merely urges this Court to consider the merits of his contentions without providing any argument as to why the general rule barring review should not apply in his case. Therefore, Defendant has failed to convince us that we should consider the merits of his appeal as an issue of substantial public interest. *Cf. id.* ¶ 11 (concluding "that the scope of the Governor's executive privilege is an issue of substantial public interest [but not the] issue of withholding information under the Privacy Acts" and therefore only addressing the former issue pursuant to an exception to the mootness doctrine).

Nor are we convinced that this case presents an issue that is capable of repetition yet evading review. But for Defendant's second violation of the conditions of his probation, we would have had ample time to consider the merits of his argument because he would still be on probation. Thus, we need not decide Defendant's appeal on the basis that other similarly situated defendants are likely to find their appeals to be mooted before this Court has time to consider the issues presented. *See Wilson*, 2005-NMCA-130, ¶¶ 14-15 (agreeing to consider the defendant's appeal arising from a metropolitan court decision even though moot because any defendant raising the

same issue is likely to have completed his or her sentence before the case could be heard on appeal and thus the issue is capable of repetition yet evading review).

**CONCLUSION**

Because this appeal is moot and does not present an issue of substantial public interest or an issue which is capable of repetition yet evading review, we decline to exercise our discretion to decide it. *See Republican Party of N.M.*, 2012-NMSC-026, ¶ 10 (noting our review of moot cases "is discretionary"). Therefore, we dismiss Defendant's appeal as moot.

**IT IS SO ORDERED.**

_____
**MICHAEL D. BUSTAMANTE, Judge**

**WE CONCUR:**

_____
**RODERICK T. KENNEDY, Chief Judge**

_____
**TIMOTHY L. GARCIA, Judge**

10