This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                             **NO. 33,499**

**PAUL CAIN,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF OTERO COUNTY**
**Jerry H. Ritter, Jr., District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Jorge Alvarado, Chief Public Defender
Karl Erich Martell, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**ZAMORA, Judge.**

**{1}** Defendant appeals his conviction for criminal sexual penetration of a minor (CSPM). We issued a notice of proposed summary disposition, proposing to uphold the conviction. Defendant has filed a memorandum in opposition. After due consideration, we remain unpersuaded. We therefore affirm.

**{2}** Defendant has raised four issues. Because we previously addressed these matters in the notice of proposed summary disposition, we will not reiterate at length here. Instead, we will focus on the content of the memorandum in opposition.

**{3}** First, Defendant renews his challenge to the habitual offender enhancement of his sentence. [DS 8-11; MIO 7-12] However, the sentence has been fully served, and there is no provision for continuing probation. [RP 170] Contrary to Defendant's assertion, [MIO 12] the sentence enhancement does not measurably impact the duration of Defendant's parole, because the parole period is indeterminate. [RP 170] Defendant has identified no other collateral consequences. Under the circumstances, we fail to see how any actual controversy could be said to exist, or how an appellate ruling could grant Defendant any actual relief. We therefore conclude that the issue is moot, and decline to consider the matter further. *See, e.g., State v. Wilson*, 2005-NMCA-130, ¶ 14, 138 N.M. 551, 123 P.3d 784 (agreeing that an appeal was moot where the defendant had completed serving his full sentence and could not prove the existence of collateral consequences), *aff'd* 2006-NMSC-037, 140 N.M. 218, 141 P.3d

1272; *and see generally State v. Julia S.*, 1986-NMCA-039, ¶ 9, 104 N.M. 222, 719 P.2d 449 (observing that normally, a case is rendered moot when the sentence had been served).

{4}     Next, Defendant renews his claim of ineffective assistance of counsel. [DS 11-12; MIO 12-17] While counsel's failure to pursue an appeal in a timely fashion constitutes per se ineffective assistance, the only form of relief that is afforded in such cases is to allow untimely appeals to proceed on their merits. *State v. Duran*, 1986-NMCA-125, ¶ 10, 105 N.M. 231, 731 P.2d 374. Counsel's failure to timely file a notice of appeal does not provide grounds for additional relief. With respect to the other claimed errors and deficiencies, the record before us neither supports Defendant's allegations, nor establishes prejudice. [MIO 14-15] As a result, Defendant's claim of ineffective assistance must fail. *See State v. Holly*, 2009-NMSC-004, ¶ 37, 145 N.M. 513, 201 P.3d 844 ("Without a showing of either error or prejudice, [the d]efendant's claim of ineffective assistance must fail."). "We reach this conclusion without prejudice or preclusive effect as to any habeas corpus proceedings Defendant may bring in the future." *Id.*

{5}     Defendant also continues to assert that the district court improperly entered a judgment and sentence imposing an inaccurate period of supervised probation. [DS 12-13; MIO 17-18] In conformity with the controlling statutory provision, the

3

judgment and sentence imposes "an indeterminate period of supervised parole for a period of not less than 5 years and not in excess of 20 years." [RP 170] *See* NMSA 1978, § 31-21-10.1(A) (2007) (mandating such an indeterminate parole period for the offense of criminal sexual penetration in the third degree committed after July 1, 2007). Although Defendant continues to argue that the district court announced something different from the bench, the record before us contains no support for this assertion. [MIO 17-18] *See generally State v. Rojo*, 1999-NMSC-001, ¶ 53, 126 N.M. 438, 971 P.2d 829 ("Where there is a doubtful or deficient record, every presumption must be indulged by the reviewing court in favor of the correctness and regularity of the [district] court's judgment." (internal quotation marks and citation omitted)). And in any event, insofar as the five-year parole period suggested by Defendant would have been inconsistent with the statutory sentence requirement, the district court would have lacked authority to impose it. *See State v. Mares*, 1994-NMSC-123, ¶ 10, 119 N.M. 48, 888 P.2d 930 (holding that a district court can only impose sentences authorized by law). We therefore reject Defendant's third assertion of error.

{6}     Finally, Defendant renews his challenge to the sufficiency of the evidence to support his conviction. [DS 14; MIO 18-20] As we previously observed, the State called numerous witnesses at trial. [RP 98-114] Among these was the victim, who described an incident in the course of which she awoke to discover that Defendant had

4

inserted his finger into her vagina while she was sleeping. [DS 2-3; MIO 2] This evidence is sufficient to sustain Defendant's conviction. *See, e.g., State v. Delgado*, 1991-NMCA-064, ¶ 59, 112 N.M. 335, 815 P.2d 631 (holding that the victim's description of the incidents supplied sufficient evidence to support convictions for CSPM). Although we understand Defendant to contend that his own testimony and the testimony of others could have supported a different result, [MIO 19], "[t]he question is not whether substantial evidence would have supported an opposite result but whether such evidence supports the result reached." *State v. James*, 1989-NMCA-089, ¶ 11, 109 N.M. 278, 784 P.2d 1021. We therefore reject Defendant's fourth and final assertion of error.

{7}     Accordingly, for the reasons stated above and in the notice of proposed summary disposition, we affirm.

{8}     **IT IS SO ORDERED.**


_____
**M. MONICA ZAMORA, Judge**

**WE CONCUR:**


_____
**JONATHAN B. SUTIN, Judge**

_____

**LINDA M. VANZI, Judge**