This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                            **NO. 33,385**

**DELVINA YAZZIE,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Angela J. Jewell, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM
M. Victoria Wilson, Assistant Attorney General
Albuquerque, NM

for Appellee

Jorge A. Alvarado, Chief Public Defender
Will O'Connell, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**KENNEDY, Judge.**

{1}     Defendant Delvina Yazzie appeals from the district court's second order revoking probation that sentenced her to a term of 295 days incarceration pursuant to a guilty plea for violation of the terms of her probation. Defendant raises one issue, arguing that she should have been given credit for time served of 182 days following the first order revoking her probation, although she only served ninety-one days due to the accumulation of good-time credit. While we are concerned about the basis for the district court's ruling in this case, we do not reach the merits of the issue presented, as this appeal is moot. Accordingly, we dismiss.

**BACKGROUND**

{2}     Defendant pleaded guilty to battery on a peace officer, *see* NMSA 1978, § 30-22-24 (1971), and driving while intoxicated (DWI), *see* NMSA 1978, § 66-8-102 (2010). On December 6, 2012, Defendant was sentenced to eighteen months incarceration for the battery offense and ninety days for DWI with the sentences to be served concurrently. Defendant's sentence, however, was suspended and she was ordered to complete eighteen months of supervised probation. Thereafter, on February 15, 2013, the State filed its first motion to revoke Defendant's probation. The district court revoked Defendant's probation, ordered her to serve 182 days in the Metropolitan Detention Center (MDC), and authorized Defendant to earn good-time credit. Due to the accumulation of good-time credit, Defendant was released on April

2

30, 2013, after serving ninety-one days in MDC. Three months later, on July 3, 2013, the State filed its second motion to revoke Defendant's probation. The district court unsatisfactorily discharged Defendant from probation after she admitted to violating the terms of probation, and sentenced Defendant to serve 295 days of incarceration.

{3}      Defendant filed a motion for reconsideration of her sentence, arguing that Defendant only had 204 days remaining on her sentence, not 295 days as set forth in the order revoking her probation. Defendant's motion was denied, and she appealed to this Court alleging that the district court erred in denying her motion. The State contends that 295 days is correct, calculating the time left on Defendant's sentence by determining the date on which the entire eighteen-month sentence would be completed (May 15, 2014), and then calculating the days remaining to that date (July 24, 2013 (date discharged from probation) to May 15, 2014). Defendant contends that this calculation is not correct because it fails to give her credit for her 182-day sentence, instead only giving her credit for the days she actually served, *i.e.*, ninety-one days.

**DISCUSSION**

{4}      Defendant points out in her brief in chief that because she has already completed the sentence imposed by the district court, the issue raised in this appeal is now moot. In general, this Court will not decide a moot appeal. *See State v. Sergio B.*, 2002-NMCA-070, ¶ 9, 132 N.M. 375, 48 P.3d 764. "An appeal is moot when no

actual controversy exists, and an appellate ruling will not grant the appellant any actual relief." *Id.* In the present case, any ruling from this Court that the district court's order failed to properly credit Defendant for her earned good time would not grant Defendant any relief. Additionally, Defendant has not identified any collateral consequences that could arise from permitting the district court's order to stand. *See State v. Wilson*, 2005-NMCA-130, ¶ 14, 138 N.M. 551, 123 P.3d 784 (agreeing that the appeal was moot because the defendant had served his full sentence and could not prove the existence of collateral consequences), *aff'd,* 2006-NMSC-037, 140 N.M. 218, 141 P.3d 1272; *cf. Sergio B.*, 2002-NMCA-070, ¶ 10 (recognizing that an appellate court will review a criminal conviction even after the defendant has completed his term of incarceration "because of the continuing collateral consequences of a conviction").

{5} Notwithstanding the "general rule [that] appellate courts should not decide moot cases[,]" *id.* ¶ 9, we "may review moot cases that present issues of substantial public interest or which are capable of repetition yet evade review." *Gunaji v. Macias*, 2001-NMSC-028, ¶ 10, 130 N.M. 734, 31 P.3d 1008. Without elaboration, Defendant suggests this Court might decide that the issue presented falls within this exception and may, therefore, reach the merits of this case. As Defendant has failed to supply this Court with any argument regarding why the general rule barring review should

not apply in this case, we are not convinced that we should consider the merits of her appeal as an issue of substantial public interest. Nor are we convinced that this case presents an issue that is capable of repetition yet evading review. Mootness occurred in this case because the balance on Defendant's sentence was relatively short. This issue may present itself again, but mootness will not always result, as it will depend on the length of the sentence in each particular case. Thus, we need not decide Defendant's appeal on the basis that other defendants who raise this issue will always or likely find their appeals to be mooted before this Court has time to consider the issues presented. *See Wilson*, 2005-NMCA-130, ¶¶ 14-15 (agreeing to consider the defendant's appeal arising from a metropolitan court decision even though moot because any defendant raising the same issue will have completed his or her sentence before the case could be heard on appeal and thus the issue is capable of repetition yet evading review).

**CONCLUSION**

{6}	Because this appeal is moot, and Defendant has failed to convince this Court that we should exercise our discretion to reach the merits, we dismiss this appeal. *See Republican Party of N.M. v. N.M. Taxation & Revenue Dep't,* 2012-NMSC-026, ¶ 10, 283 P.3d 853 (noting our review of moot cases "is discretionary").

{7}	**IT IS SO ORDERED**.

_____

**RODERICK T. KENNEDY, Judge**

**WE CONCUR:**

_____

**JAMES J. WECHSLER, Judge**

_____

**MICHAEL D. BUSTAMANTE, Judge**