This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-37065

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**DESTINEE SWEENEY,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**Karen L. Townsend, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM
Charles J. Gutierrez, Assistant Attorney General
Albuquerque, NM

for Appellee

Bennett J. Baur, Chief Public Defender
MJ Edge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**DUFFY, Judge.**

{1}     Defendant appeals from the district court's order continuing the terms of her probation, arguing (1) the district court violated her right to confront witnesses at the probation revocation hearing; and (2) the evidence was insufficient to support the district court's finding that Defendant willfully violated probation. We conclude, however, that Defendant's appeal is moot and dismiss the appeal without reaching the merits.

**{2}** This appeal arises from two separate district court cases, for which Defendant entered into a joint plea and disposition agreement and was thereafter placed on three years' probation. The State moved to revoke Defendant's probation nine months later when she was discharged unsuccessfully from an inpatient treatment program. After conducting an evidentiary hearing on the State's motion, the district court entered an order in which it concluded that Defendant had willfully violated the terms of her probation by failing to complete inpatient treatment, and continued Defendant's preexisting probation without imposing any different or additional terms. We ordered the parties to brief "whether, under the facts of this case, the appellant has a right to an appeal from a district court order finding a probation violation and continuing her pre[]existing probation." *See State v. Gonzales*, No. 34,596, memo. op. ¶ 5 (N.M. Ct. App. May 10, 2016) (non-precedential) (stating that the defendant's appeal was moot because no actual terms of probation were changed or added, and thus, even if the district court erred, there is no relief to be granted). Contrary to our instruction, the parties failed to address this matter in their briefs. Moreover, after Defendant filed her notice of appeal, but prior to briefing, the district court found Defendant had violated the terms of her probation twice more. The district court revoked Defendant's probation in an order dated September 5, 2018, and remanded Defendant into custody. Defendant was thereafter released on November 21, 2018, upon completing her sentence.

**{3}** "An appeal is moot when no actual controversy exists, and an appellate ruling will not grant the appellant any actual relief." *State v. Sergio B.*, 2002-NMCA-070, ¶ 9, 132 N.M. 375, 48 P.3d 764; *see State v. Favela*, 2013-NMCA-102, ¶ 13, 311 P.3d 1213 (stating that an appeal is moot when no relief can be granted to the appellant). Defendant has served her entire sentence and does not challenge her convictions on appeal. Thus, even if we were to hold that Defendant was denied her right to confront witnesses or that the district court erred in finding Defendant had willfully violated her probation, Defendant failed to present an argument or citation to the record establishing that we could afford her any actual relief. As such, Defendant's appeal is moot. *State v. Wilson*, 2005-NMCA-130, ¶ 14, 138 N.M. 551, 123 P.3d 784 (holding that the defendant's appeal was moot because he had completed serving his full sentence and did not prove the existence of collateral consequences).

**{4}** Although this Court can consider a moot appeal when the appellant suffers from collateral consequences as a result of the district court's ruling, the parties have not raised any collateral consequences arising from the district court's order continuing Defendant's probation. *See Sergio B.*, 2002-NMCA-070, ¶ 10 (discussing instances in which appellate courts may review criminal convictions "even after a defendant's term of incarceration ends because of the continuing collateral consequences of a conviction, such as mandatory sentence increases for subsequent offenses, limitations on eligibility for certain types of employment, and voting restrictions"). Likewise, although we have discretion to review "moot cases that either raise an issue of substantial public interest or are capable of repetition yet evading review[,]" *Republican Party of N.M. v. N.M. Taxation & Revenue Dep't*, 2012-NMSC-026, ¶ 10, 283 P.3d 853, Defendant has not asked us to exercise our discretion, and we decline to review an argument not raised. *See Elane Photography, LLC v. Willock*, 2013-NMSC-040, ¶ 70, 309 P.3d 53 ("To rule

on an inadequately briefed issue, this Court would have to develop the arguments itself, effectively performing the parties' work for them."). Accordingly, we conclude that Defendant's appeal is moot and should be dismissed.

**{5}**     For the foregoing reasons, we dismiss Defendant's appeal as moot.

**{6}     IT IS SO ORDERED.**

**MEGAN P. DUFFY, Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Judge**

**BRIANA H. ZAMORA, Judge**