This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

### IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-39943

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**JACOB CARROLL,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF EDDY COUNTY**
**Jane Shuler Gray, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM
Walter Hart, Assistant Attorney General
Albuquerque, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Nina Lalevic, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**DECISION**

**ATTREP, Chief Judge.**

{1}     Defendant Jacob Carroll appeals the district court's order revoking his probation. On appeal, Defendant argues his right to due process was violated in multiple ways and contends the petition to revoke his probation should have been dismissed for violation of the time limits in Rule 5-805 NMRA. Because Defendant's appeal is moot and he has not convinced us that we should exercise our discretion to reach the merits, we dismiss this appeal.

**{2}**     As Defendant acknowledges, his appeal is moot. Defendant has completed his sentence, and he does not allege the existence of collateral consequences from the revocation of his probation. Under such circumstances, any ruling from this Court could not grant Defendant any actual relief, and his appeal accordingly is moot. *See State v. Wilson*, 2005-NMCA-130, ¶ 14, 138 N.M. 551, 123 P.3d 784 (providing the defendant's appeal was moot "because he has completed serving his full sentence and cannot prove the existence of collateral consequences"), *aff'd*, 2006-NMSC-037, 140 N.M. 218, 141 P.3d 1272; *State v. Sergio B.*, 2002-NMCA-070, ¶ 9, 132 N.M. 375, 48 P.3d 764 ("An appeal is moot when no actual controversy exists, and an appellate ruling will not grant the appellant any actual relief."). Generally, "appellate courts should not decide moot cases." *Sergio B.*, 2002-NMCA-070, ¶ 9; *see also Citizens for Fair Rates & the Env't v. N.M. Pub. Regul. Comm'n*, 2022-NMSC-010, ¶ 28, 503 P.3d 1138 (providing that the "prudential rules of judicial self-governance, like standing, ripeness, and mootness, are founded in a concern about the proper—and properly limited—role of courts in a democratic society" (alteration, internal quotation marks, and citation omitted)). We, however, "may review moot cases that present issues of substantial public interest or which are capable of repetition yet evade review." *Gunaji v. Macias*, 2001-NMSC-028, ¶ 10, 130 N.M. 734, 31 P.3d 1008. Our decision to review a moot case "is discretionary." *Republican Party of N.M. v. N.M. Tax'n & Revenue Dep't*, 2012-NMSC-026, ¶ 10, 283 P.3d 853.

**{3}**     Notwithstanding Defendant's appeal being moot, he urges us to exercise our discretion to decide the merits of his appeal under an exception to the mootness doctrine.[1] Specifically, Defendant first argues that "[t]he claims raised here are viable on appeal as the violations are capable of repetition yet evading review during an often lengthy appellate process." This is the extent of Defendant's argument on this point. We find it undeveloped and thus do not consider it. *See State v. Candelaria*, 2019-NMCA-032, ¶ 48, 446 P.3d 1205 (declining to address an undeveloped claim); *see also State v. Guerra*, 2012-NMSC-014, ¶ 21, 278 P.3d 1031 (providing that appellate courts are under no obligation to review undeveloped arguments).

**{4}**     Next, Defendant argues that "[b]ecause many probationers will presumably face this prosecutor, who believes discovery is not required, and this judge, who does [sic] protect a probationer's due process rights, the case also presents an issue of substantial public importance." As we understand it, Defendant is arguing that the purported errors below should be corrected—even though no actual relief can be granted—because the actors in this case may err in the future. Defendant cites no authority in support of his contention that this situation presents "the requisite degree of public interest . . . to prevent dismissal on mootness grounds." *See State v. Jones*, 1998-NMCA-076, ¶ 15, 125 N.M. 556, 964 P.2d 117; *see also State v. Casares*, 2014-

---

[1]The State in its answer brief does not respond to Defendant's arguments relating to mootness. From this, Defendant contends that the State concedes his appeal is not moot. This is incorrect. *Cf. Lozano v. GTE Lenkurt, Inc.*, 1996-NMCA-074, ¶ 30, 122 N.M. 103, 920 P.2d 1057 (providing that an "answer brief need not specifically answer each assignment of error made by [the] appellant" and the failure of an answer brief to do so is not in itself grounds for reversal). Regardless, even if we were to treat the State's silence as a concession, we are under no obligation to accept it. *See State v. Caldwell*, 2008-NMCA-049, ¶ 8, 143 N.M. 792, 182 P.3d 775 (providing that this Court "is not bound by the [s]tate's concession").

NMCA-024, ¶ 18, 318 P.3d 200 ("We will not consider an issue if no authority is cited in support of the issue, because absent cited authority to support an argument, we assume no such authority exists."). Nor has Defendant otherwise convinced us that it does. The substantial public interest exception generally has been applied to cases whose resolution may have a broad impact—for example, in cases examining the parameters of the separation of powers doctrine and the scope of the executive privilege. *See Mowrer v. Rusk*, 1980-NMSC-113, ¶ 15, 95 N.M. 48, 618 P.2d 886 (separation of powers); *Republican Party of N.M.*, 2012-NMSC-026, ¶ 11 (executive privilege); *see also id.* ¶ 10 ("A case presents an issue of substantial public interest if it involves a constitutional question or affects a fundamental right such as voting."). We find no similar concerns in this case. And in the absence of any reasoned argument from Defendant why the substantial public interest exception applies in his case, we do not apply it. *See Candelaria*, 2019-NMCA-032, ¶ 48; *see also Guerra*, 2012-NMSC-014, ¶ 21.

**{5}** For the foregoing reasons, we decline to exercise our discretion to decide Defendant's moot appeal. We therefore dismiss.

**{6}** **IT IS SO ORDERED.**

**JENNIFER L. ATTREP, Chief Judge**

**WE CONCUR:**

**JACQUELINE R. MEDINA, Judge**

**ZACHARY A. IVES, Judge**