1997-NMSC-021

936 P.2d 334

STATE of New Mexico, ex rel., Robert M. SCHWARTZ, Second Judicial District Attorney, Petitioners,

v.

Hon. Ross C. SANCHEZ, Judge of the District Court, Bernalillo County, Respondent,

and

Morgan Bates, Real Party in Interest.

No. 24009.

Supreme Court of New Mexico.

April 3, 1997.

Robert M. Schwartz, District Attorney, Erlinda O. Hackett, Assistant District Attorney, Albuquerque, for Petitioners.

Tom Udall, Attorney General, Santa Fe, for Respondent.

T. Glenn Ellington, Chief Public Defender, John L. Walker, Lisa S. Wisdom, Assistant Public Defender, Albuquerque, for real party in interest.

## OPINION

FRANCHINI, Chief Justice.

1 We were asked to issue a writ of superintending control and a stay to the Respondent, Honorable Ross C. Sanchez, Judge of the Second Judicial District Court, instructing him to vacate his order transferring *State v. Bates* to the Second Judicial District Court's de novo calendar. NMSA 1978, § 34–8A–6 (Repl.Pamp.1996) sets forth those actions for which the Metropolitan Court is a court of record, as well as those actions for which the Metropolitan Court is not. We determined that actions involving domestic abuse, as defined in the Family Violence Protection Act, should be on-record and issued an order consistent with that determination. This opinion follows our order.

2 Morgan Bates was charged with one count of harassment under NMSA 1978, Section 30–3A–2 (Repl.Pamp.1994). The case was tried on-record in the Bernalillo County Metropolitan Court, although, according to the State, at the time complaints charging harassment were not being tried on-record at the request of the District Judges Criminal Division. Mr. Bates was convicted by a Bernalillo County jury. He then timely filed a motion to transfer the case to the de novo calendar in the Second Judicial District Court. A response, filed by the State, objected to the transfer and asked that the case be placed on the on-record calendar. The Honorable Ross C. Sanchez issued an order transferring the cause to the Second Judicial

District Court's de novo calendar. The State appealed to this Court.

■ 3 The State contends that all cases involving domestic abuse as defined by the Family Violence Protection Act should be on-record actions in Metropolitan Court. We look first to § 34–8A–6(C) which provide that

> "[t]he metropolitan court is a court of record for criminal actions involving driving while under the influence of intoxicating liquors or drugs or involving domestic violence. A criminal action involving domestic violence means an assault or battery under any state law or municipal or county ordinance in which the alleged victim is a household member as defined in the Family Violence Protection Act [40–13–1 to 40–13–7 NMSA 1978]."

NMSA § 34–8A–6(C) (Repl.Pamp.1996).

4 We have held that "[w]hen a statute contains language which is clear and unambiguous, we must give effect to that language and refrain from further statutory interpretation." *State v. Jonathan M.*, 109 N.M. 789, 790, 791 P.2d 64, 65 (1990). However "[i]f there is any doubt as to the meaning of the words, we are permitted to interpret by looking to legislative intent[.]" *Perea v. Baca*, 94 N.M. 624, 627, 614 P.2d 541, 544 (1980). Although Section 34–8A–6(C) appears clear in defining domestic violence as "assault and battery," the statute's reference to the Family Violence Protection Act, in defining household member, makes reference to the Act necessary.

5 The Family Violence Protection Act states:

> "domestic abuse" means any incident by a household member against another household member resulting in:
>
> (1) physical harm;
>
> (2) severe emotional distress;
>
> (3) bodily injury or assault;
>
> (4) a threat causing imminent fear of bodily injury by any household member;
>
> (5) criminal trespass;
>
> (6) criminal damage to property;
>
> (7) repeatedly driving by a residence or work place;
>
> (8) telephone harassment;
>
> (9) stalking;
>
> (10) harassment; or
>
> (11) harm or threatened harm to children as set forth in the paragraphs of this subsection;

NMSA 1978, § 40–13–2(C) (Repl.Pamp.1994).

6 A 1993 amendment to this section added paragraphs (2), and (5) through (11), enlarging the meaning of domestic abuse to include more than assault or battery. This raises a question whether all of the acts of domestic abuse included in the Family Violence Protection Act should be tried on-record in Metropolitan Court. We have said that "[i]n such a case, it is part of the essence of judicial responsibility to search for and effectuate the legislative intent—the purpose or object—underlying the statute." *State ex rel. Helman v. Gallegos*, 117 N.M. 346, 353, 871 P.2d 1352, 1359 (1994). We believe that the Legislature intended that domestic abuse cases, as defined in the Family Violence Protection Act, be tried on-record. The entire Family Violence Protection Act is referenced in the very sentence which defines domestic violence for the purpose of on-record actions. We also look to Section 34–8A–6(D) which sets forth those causes of action which are not on-record. Here, although it might have done so, the Legislature does not distinguish different acts of domestic violence, treating some as on-record appeals and others as appeals de novo. That section states "[t]he metropolitan court is not a court of record for criminal actions other than driving while under the influence of intoxicating liquors or drugs or domestic violence actions." Section 34–8A–6(D).

■ 7 The State urges us to read Section 34–8A–6 in pari materia with the Family Violence Protection Act. We agree. In *State ex rel. Quintana v. Schnedar* we said, "two statutes covering the same subject matter should be harmonized and construed together when possible, in a way that facilitates their operation and the achievement of their goals." 115 N.M. 573, 575–76, 855 P.2d 562, 564–65 (1993) (citations omitted). We find that the definition of domestic violence must be read in pari materia with the definition of domestic abuse in the Family Violence Pro-

tection Act. Therefore, our decision that all domestic abuse actions, as defined in the Family Violence Protection Act, should be tried on-record therefore furthers legislative intent.

**8** We note that our decision is also consistent with the fundamental principle of statutory interpretation, that the more specific control the general. Section 40–13–2(C) as amended, is clearly more specific in defining domestic abuse and this principle favors its application over the more general definition of domestic violence in Section 34–8A–6(C).

**9** Lastly we are persuaded by public policy arguments raised by the State. When domestic violence crimes are not heard on-record, the victim is required to testify twice. Because of the close relationship between the victim and the accused in these cases, and because this form of violence is often repeated, we believe that an on-record appeal is important in all of the actions defined as domestic abuse in the Family Violence Protection Act. Following our ruling victims need testify only once against the accused in cases involving domestic abuse.

**10 IT IS SO ORDERED.**

BACA, MINZNER, and SERNA, JJ., concur.