This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-39647

**EVELYN NGUYEN,**

Petitioner-Appellant,

v.

**KHIEM BUI,**

Respondent-Appellee.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Debra Ramirez, District Judge**

New Mexico Legal Aid, Inc.
Jennifer Kletter
Albuquerque, NM

for Appellant

Mark Keller Law Office
Terri Keller
Albuquerque, NM

for Appellee

### MEMORANDUM OPINION

**IVES, Judge.**

**{1}** Petitioner appeals from the district court's order dismissing her petition for order of protection. Persuaded that Petitioner demonstrated error, we issued a notice of proposed summary disposition, proposing to reverse and remand. Respondent has filed a memorandum in opposition to our notice, which we have duly considered. We remain persuaded that the district court erred. Accordingly, we reverse and remand for further proceedings.

**{2}** Our notice proposed to agree with Petitioner that the district court made a legal error by requiring Petitioner to establish "immediacy" when seeking an order of protection under the Family Violence Protection Act (FVPA), NMSA 1978, § 40-13-5(A)(1) (2019) ("Upon finding that domestic abuse has occurred or upon stipulation of the parties, the court *shall* enter an order of protection ordering the restrained party to . . . refrain from abusing the protected party[.]" (emphasis added)). We stated, among other things, that there is no language in the FVPA requiring that a petitioner seek an order of protection within any particular time after the alleged domestic abuse and noted that the FVPA permits the court to grant a victim of criminal sexual penetration (CSP) an order of protection "for any length of time, including for a victim's lifetime[,]" which can be in place long after the incident of CSP. *See* NMSA 1978, § 40-13-5.1(D) (2016). [CN 6-7]

**{3}** In response to our notice, Respondent refers us to the following sources to support the alleged need to show "immediacy" under the FVPA: case law relating to civil restraining orders not sought under the FVPA [MIO 4]; the district court's website explaining that a person can request an order of protection if that person is worried about his or her safety due to, inter alia, being sexually assaulted [MIO 4]; the domestic violence order of protection asking whether the petitioner fears irreparable harm if the respondent knows she is seeking protection; language in the FVPA providing that a court granting an order of protection may order other injunctive relief not listed in the statutory section as the court deems necessary for the protection of the party [MIO 5]; the purpose of an order of protection to deter future conduct [MIO 5-6]; a domestic violence bench book [MIO 6-7]; and out-of-state case law [MIO 7-8].

**{4}** None of these sources constitute binding precedent requiring Petitioner to make a showing of "immediacy" under the FVPA. To the extent the sources Respondent refers to would have Petitioner show that she seeks future protection out of fear of harm, her allegations show that this is precisely why she sought an order of protection. [RP 4-5, 32-34; MIO 1] Indeed, the hearing officer warned Respondent to stay away from Petitioner or else the parties would be back in the same place, [RP 34] suggesting an inclination to await additional contact or sexual abuse to issue an order of protection, which undermines both the purpose of seeking an order of protection and the Legislature's efforts to provide special protections for victims of domestic abuse, as the Legislature has defined that abuse. *See State v. Gonzales*, 2017-NMCA-080, ¶ 24, 406 P.3d 534 ("The purpose and intent behind the FVPA is to give victims of domestic abuse special protections because they are especially vulnerable."); *cf. State ex rel. Schwartz v. Sanchez*, 1997-NMSC-021, ¶ 9, 123 N.M. 165, 936 P.2d 334 (acknowledging that in incidents of domestic abuse under the FVPA, there is a "close relationship between the victim and the accused in these cases, and . . . this form of violence is often repeated").

**{5}** Lastly, Respondent does not set forth any policy reason why the specific set of facts in this case shows a particular need to require an additional or heightened showing of "immediacy" and we do not perceive a compelling reason to require an

additional or heightened showing of a need for protection in this case beyond the need provided in Petitioner's allegations.

**{6}** For the reasons stated in this opinion and in our notice, we reverse the district court's order dismissing the petition for an order of protection and remand for further proceedings.

**{7}     IT IS SO ORDERED.**

**ZACHARY A. IVES, Judge**

**WE CONCUR:**

**MEGAN P. DUFFY, Judge**

**SHAMMARA H. HENDERSON, Judge**