This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-38226**

**STATE OF NEW MEXICO,**

      Plaintiff-Appellee,

v.

**MICHAEL MEDINA,**

      Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Douglas R. Driggers, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM
M. Victoria Wilson, Assistant Attorney General
Albuquerque, NM

for Appellee

Bennett J. Baur, Chief Public Defender
William O'Connell, Assistant Appellate Defender
Santa Fe, NM

for Appellant

### MEMORANDUM OPINION

**MEDINA, Judge.**

**{1}** Defendant Michael Medina appeals from the district court's order vacating its previous order that granted Defendant a furlough from the New Mexico Department of Corrections (NMDC) for inpatient treatment. On appeal, Defendant argues that the district court erred in denying his requested furlough because a New Mexico district court has the inherent authority, in the appropriate case, to order the furlough of an inmate being held in the custody of NMDC. Because we conclude that Defendant's appeal is moot, we dismiss the appeal. As such, we do not reach the merits.

## BACKGROUND

**{2}** Defendant entered into a plea agreement, pleading guilty to the third degree felony offense of great bodily harm by vehicle, driving while intoxicated (DWI), in violation of NMSA 1978, Section 66-8-101(B) (2016). Under the terms of the agreement, Defendant admitted to having one prior valid DWI conviction and one prior valid third degree felony conviction for great bodily harm by vehicle. The district court imposed a three-year commitment to NMDC to be followed by a two-year period of parole and pursuant to Section 66-8-101(E), enhanced that sentence by four years as provided for under of Section 66-8-101(F), for a sentence of seven years. The district court suspended four years of that sentence and ordered Defendant to serve four years of supervised probation upon his release from NMDC.

**{3}** Soon after entry of the judgment and sentence, Defendant filed a "motion for furlough for in-patient [sic] program." Defendant asserted that he had been accepted into the Opportunity House Program, an eighteen-month rehabilitation program in Hobbs, New Mexico. According to the motion, the program would not accept anyone on felony probation or parole, and therefore would only accept Defendant on furlough conditions. The district court denied this motion for furlough.

**{4}** Later, Defendant filed a "renewed" motion for furlough for inpatient treatment. Defendant asserted that the presumably Residential Drug Abuse Program (RDAP) program was not available to Defendant at the NMDC facility where he was incarcerated. Defendant claimed that he wanted treatment or rehabilitation but that he could not "engage in programming at the present time due to RDAP's unavailability to him." Following the hearing, the district court granted Defendant's request for furlough.

**{5}** NMDC filed a motion asking the district court to clarify or reconsider, essentially asserting that the district court did not have the authority or the jurisdiction to order a furlough for NMDC inmates. NMDC asserted that Defendant mischaracterized the proposed place of furlough and the circumstances of his incarceration, including whether rehabilitation was available to him in custody. Following a hearing on this issue, the district court concluded that it did not have jurisdiction to order furlough of an inmate in the custody of NMDC. Defendant appeals.

## DISCUSSION

**{6}** As Defendant acknowledges, and as the State agrees, this case is moot, as Defendant has completed his term of incarceration. "As a general rule, appellate courts should not decide moot cases. An appeal is moot when no actual controversy exists, and an appellate ruling will not grant the appellant any actual relief." *State v. Sergio B.*, 2002-NMCA-070, ¶ 9, 132 N.M. 375, 48 P.3d 764 (citation omitted); *see also State v. Favela*, 2013-NMCA-102, ¶ 13, 311 P.3d 1213 (stating that an appeal is moot when no relief can be granted to the appellant).

**{7}** In general, a criminal appeal is not moot even after a defendant's term of incarceration ends, where the conviction has "continuing collateral consequences," "such as mandatory sentence increases for subsequent offenses, limitations on eligibility for certain types of employment, and voting restrictions." *Favela*, 2013-NMCA-102, ¶ 13 (internal quotation marks and citation omitted). In this case, Defendant's term of incarceration has ended, but Defendant does not attack his underlying conviction. On appeal, Defendant solely challenges a furlough from custody. Thus, Defendant will not suffer any continuing collateral consequences as a result of the district court's decision on the furlough.

**{8}** Nonetheless, well-recognized exceptions to the mootness doctrine permit an appellate court to review moot cases that "present issues of substantial public interest or which are capable of repetition yet evade review." *State ex rel. Children, Youth & Families Dep't v. Amanda H.*, 2007-NMCA-029, ¶ 14, 141 N.M. 299, 154 P.3d 674; *accord Gunaji v. Macias*, 2001-NMSC-028, ¶ 10, 130 N.M. 734, 31 P.3d 1008 (same). Defendant does not argue that the issue raised on appeal is one of substantial public interest. *Cf. Republican Party of N.M. v. N.M. Tax'n & Revenue Dep't*, 2012-NMSC-026, ¶ 10, 283 P.3d 853 (stating that "[a] case presents an issue of substantial public interest if it involves a constitutional question or affects a fundamental right such as voting"). We decline to review an argument not raised. *See Elane Photography, LLC v. Willock*, 2013-NMSC-040, ¶ 70, 309 P.3d 53 (stating that appellate courts do not guess at what a party's arguments might be).

**{9}** Defendant does, however, briefly assert that his issue on appeal is "capable of repetition but likely to evade review." Defendant does not elaborate. Having reviewed the facts in this matter, we disagree. The facts in Defendant's case are so particularized to his sentence and the terms of the facility of his incarceration that they seem unlikely to be repeated. We note that Defendant's request to the district court for an eighteen-month "furlough" was extraordinary; this motion for a furlough was akin to a request for a significant revision of the terms of his sentence. As to evading review, Defendant's sentence in the NMDC was only three years, and the State asserts that was shortened by earned meritorious deductions that Defendant secured. In other words, Defendant's sentence was relatively brief; thus, we need not decide Defendant's appeal on the basis that other similarly situated defendants are likely to find their appeals to be mooted before this Court has time to consider the issues presented. *See State v. Wilson*, 2005-NMCA-130, ¶¶ 14-15, 138 N.M. 551, 123 P.3d 784 (agreeing to consider a defendant's appeal arising from a metropolitan court decision even though moot, because any defendant raising the same issue is likely to have completed his or her sentence before the case could be heard on appeal and thus the issue is capable of repetition yet evading review), *aff'd*, 2006-NMSC-037, ¶¶ 4-5, 140 N.M. 218, 141 P.3d 1272. Accordingly, we conclude that Defendant's appeal is moot and should be dismissed.

**CONCLUSION**

**{10}** Because this appeal is moot and does not present an issue that is capable of repetition yet evading review, we decline to exercise our discretion to decide it. *See*

*Republican Party of N.M.*, 2012-NMSC-026, ¶ 10 (noting our review of moot cases "is discretionary"). For the foregoing reasons, we dismiss Defendant's appeal as moot.

{11}   IT IS SO ORDERED.

JACQUELINE R. MEDINA, Judge

WE CONCUR:

JENNIFER L. ATTREP, Judge

MEGAN P. DUFFY, Judge